UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
RICARDO PAYAMPS *and* JOEL COLLADO,

        *Plaintiffs*,

    *v*.

M & M CONVENIENCE DELI & GROCERY CORP. *d/b/a*
M & M DELI AND GROCERY,

        *Defendant*.
-----------------------------------------------------------------------x

**16 CV 4895**

**COMPLAINT**

Plaintiffs Ricardo Payamps and Joel Collado, by their counsel, The Harman Firm, LLP, allege for their Complaint against Defendant M & M Convenience Deli & Grocery Corp., d/b/a M & M Deli and Grocery, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs Ricardo Payamps and Joel Collado (hereinafter collectively referred to as "Plaintiffs") seek damages and costs against Defendant M & M Convenience Deli & Grocery Corp., d/b/a M & M Deli and Grocery ("Defendant" or "M & M"), for failing to pay Plaintiffs:

    i. the state and federal minimum wage, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and New York State Labor Laws ("NYLL"), N.Y. Lab. Law §§ 1–1200;

    ii. the spread of hours, in violation of the NYLL; and

    iii. the overtime premium rate for hours worked in excess of forty (40) in a week, in violation of the FLSA and NYLL.

2. Plaintiff Payamps also seeks damages and costs against Defendant for terminating his employment in retaliation for complaining of Defendant's minimum wage and overtime violations, in violation of the FLSA and NYLL.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiffs' claims, as Defendant violated Plaintiffs' rights under the FLSA.

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' claims brought under the NYLL, as they are so related to the FLSA claims that they form part of the same case or controversy.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Eastern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES

6. Plaintiff Ricardo Payamps, at all times relevant hereto, was and is a resident of New York County in the State of New York.

7. Plaintiff Joel Collado, at all times relevant hereto, was and is a resident of Hudson County in the State of New Jersey.

8. Upon information and belief, at all times relevant hereto, M & M was and is a corporation organized under the laws of the State of New York in Kings County with a location at 1066 Rutland Rd., Brooklyn, New York 11212, called M&M Deli and Grocery (the "Store").

9. The Store is a delicatessen and grocery store, commonly known as a "bodega," located in East Flatbush in Brooklyn, New York.

10. Upon information and belief, M&M's gross volume of sales is in excess of $500,000.

11. Upon information and belief, M&M did not keep time records for hours worked by its employees, including Mr. Payamps and Mr. Collado.

## STATEMENT OF FACTS

**I.   Mr. Payamps' Claims**

12. Mr. Payamps was employed by M & M as a clerk at the Store from approximately November 2014 to December 2015.

13. Mr. Payamps was non-exempt from FLSA and NYLL overtime pay requirements throughout his employment at M & M.

14. Mr. Payamps' job duties were limited to opening and closing the Store, receiving deliveries, checking out customers, operating the cash register, and stocking inventory.

15. Mr. Payamps did not make hiring or firing decisions, develop Store policy, discipline M&M's employees, or complete forms on M & M's behalf.

16. Mr. Payamps was supervised by his boss, known only to him as Mohamad or "Mo," who directed M & M's day-to-day operations.

17. Mo assigned work to Mr. Payamps. Mo handled any complaints, whether from customers, vendors, or others. Mo decided what items the Store would purchase and negotiated prices.

18. In sum, Mo was in charge of managing the Store and assigned daily duties to Mr. Payamps.

19. As such, Mr. Payamps did not fall under any exemption for overtime pay under the FLSA or NYLL throughout his employment at M & M.

20. For two (2) weeks after he began working at M & M, Mr. Payamps worked twelve (12) hours per day, seven (7) days per week, totaling an eighty-four (84) hour work week.

21. In Mr. Payamps' first two (2) weeks of work, he worked one hundred and sixty-eight (168) hours.

22. From around November 2014 to June 2015, Mr. Payamps worked fifteen (15) hours per day (7:00 a.m. to 10:00 p.m.), seven (7) days per week, totaling a one hundred and five (105) hour workweek.

23. For those approximately thirty (30) weeks, Mr. Payamps worked approximately three thousand one hundred and fifty (3,150) hours.

24. From June 2015 to December 2015, Mr. Payamps worked twelve (12) hours per day (7:00 a.m. to 7:00 p.m.), seven (7) days per week, totaling an eighty-four (84) hour work week.

25. For approximately twenty-six (26) weeks, Mr. Payamps worked approximately two thousand one hundred and eighty-four (2,184) hours.

26. Throughout his employment, Mr. Payamps was paid seven dollars ($7.00) per hour, in cash, received once a week on Sunday.

27. From 2009 to the present, the federal minimum wage has been seven dollars and twenty-five cents ($7.25).

28. From December 31, 2013, to December 31, 2014, the minimum wage in New York State was eight dollars ($8.00).

29. From January 1, 2015, to December 31, 2015, the minimum wage in New York State was eight dollars and seventy-five cents ($8.75).

30. Throughout his employment, M & M failed to pay Mr. Payamps the minimum wage.

31. As such, M & M has violated the minimum wage provisions of the FLSA and NYLL.

32. When Mr. Payamps complained to M & M that he was not being paid the minimum wage, M & M responded that if Mr. Payamps did not want to work, he could quit.

33. M & M also failed to provide Mr. Payamps with "spread of hours" pay throughout his employment.

34. Mr. Payamps worked at least ten (10) hours each day that he was employed at M&M, yet M&M failed to pay him one (1) additional hour of pay for each day of his employment.

35. Finally, as Mr. Payamps was a non-exempt employee, he was entitled to overtime premium pay for all hours worked in excess of forty (40) in a work week.

36. For each week of his employment at M & M, Mr. Payamps worked in excess of forty (40) hours.

37. However, M & M never paid Mr. Payamps at the overtime premium rate for hours worked in excess of forty (40) in a work week.

38. In weeks during which Mr. Payamps worked fifteen (15) hour days, he is owed sixty-five (65) hours of pay at the overtime premium rate.

39. In weeks during which Mr. Payamps worked twelve (12) hour days, he is owed forty-four (44) hours of pay at the overtime premium rate.

40. Mr. Payamps did not have a vacation day or sick day during his entire employment with M & M.

41. Throughout his employment, Mr. Payamps complained of M & M's failure to pay minimum wage and overtime.

42. In and around December 2015, Defendant terminated Mr. Payamps' employment for complaining of M & M's minimum wage violations, stating only, "I want you to leave."

43. As such, M & M unlawfully terminated Mr. Payamps' employment in retaliation for filing a complaint of minimum wage and overtime violations.

**II.     Mr. Collado's Claims**

44. Mr. Collado worked for M & M as a clerk from approximately June 2015 to December 2015.

45. Mr. Collado's duties were limited to opening and closing the Store, receiving deliveries, checking out customers, operating the cash register, and stocking inventory.

46. He did not make hiring or firing decisions, develop Store policy, discipline M & M's employees, or complete forms on behalf of M & M.

47. Mr. Collado was supervised by Mo, who directed all of Mr. Collado's work.

48. As such, Mr. Collado also did not fall under any exemption for overtime pay under the FLSA or NYLL.

49. From June 2015 to August 2015, Mr. Collado worked fifteen (15) hours per day, seven (7) days per week, totaling a one hundred and five (105) hour workweek.

50. From September 2015 to December 2015, he worked twelve (12) hours per day (6:00 a.m. to 6:00 p.m.), seven (7) days per week, totaling an eighty-four (84) hour workweek.

51. At all times, Mr. Collado was paid seven dollars ($7.00) per hour, in cash, received once a week on Sunday.

52. M & M failed to pay Mr. Collado the minimum wage throughout his employment.

6

53. As such, M & M has violated the minimum wage provisions of the FLSA and NYLL.

54. M & M also failed to provide Mr. Collado with spread of hours pay.

55. Mr. Collado worked at least ten (10) hours each day that he was employed at M & M, yet M & M failed to pay him an additional hour of pay.

56. As such, M & M has violated the spread of hours provision of the NYLL.

57. Finally, Mr. Collado was a non-exempt employee.

58. As a result, Mr. Collado was entitled to overtime premium pay for all hours worked in excess of forty (40) in a work week.

59. In each week that he was employed at M & M, Mr. Collado worked in excess of forty (40) hours.

60. However, M & M never paid Mr. Collado at the overtime premium rate for hours worked in excess of forty (40) in a work week.

61. As such, M & M has violated the overtime provisions of the FLSA and NYLL.

62. In weeks during which Mr. Collado worked fifteen (15) hour days, he is owed sixty-five (65) hours of pay at the overtime premium rate.

63. In weeks during which Mr. Collado worked twelve (12) hour days, he is owed forty-four (44) hours of pay at the overtime premium rate.

64. Mr. Collado did not have a vacation day or sick day during his entire employment at M & M.

65. Mr. Collado resigned from his position with M & M.

66. In light of the foregoing, M & M owes Mr. Payamps and Mr. Collado significant monies, including but not limited to, back pay at the minimum wage rate, spread of hours pay, back pay at the overtime premium rate, liquidated damages, attorneys' fees, costs and interest.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Failure to Pay Minimum Wage in Violation of the FLSA
### (All Plaintiffs)

67. Plaintiffs hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 66 with the same force as though separately alleged herein.

68. At all times relevant to this action, Plaintiffs Payamps and Collado were employed by Defendant within the meaning of the FLSA.

69. The FLSA mandates that employers pay each of their employees for each hour worked at an hourly rate not less than the federal minimum wage.

70. Defendant's wages to Plaintiffs resulted in an hourly rate below the federally mandated minimum wage.

71. Plaintiff Payamps complained frequently of minimum wage violations to Defendant.

72. Defendant therefore was aware of its obligation to pay the minimum wage.

73. Defendant knowingly and willfully violated Plaintiffs' rights under the FLSA by failing to pay them the minimum wage for hours worked.

74. Due to Defendant's FLSA violations, Plaintiffs are entitled to recover from Defendants their back pay at the overtime premium rate, liquidated damages, reasonable attorneys' fees, costs, and interest related to the action.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime in Violation of the FLSA**
**(All Plaintiffs)**

75. Plaintiffs hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 74 with the same force as though separately alleged herein.

76. At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of the FLSA.

77. The FLSA mandates that employers must compensate employees at one-and-a-half (1.5) times their normal hourly rate for all hours worked over forty (40) hours each week.

78. Defendant willfully violated the FLSA's overtime requirement by not paying Plaintiffs at the overtime premium rates for hours worked in excess of forty (40) in a work week.

79. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest and reasonable attorneys' fees, costs, and interest related to the action.

**THIRD CAUSE OF ACTION**
**Failure to Pay Minimum Wage in Violation of the NYLL**
**(All Plaintiffs)**

80. Plaintiffs hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 79 with the same force as though separately alleged herein.

81. At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of the NYLL.

82. The NYLL mandates that employers pay each of its employees for each hour worked a wage of not less than the New York minimum wage.

83. Defendant's wages to Plaintiffs resulted in an hourly rate below the mandated minimum wage.

84. Plaintiff Payamps complained frequently of minimum wage violations to Defendant.

85. Defendant therefore was aware of its obligation to pay the minimum wage.

86. Defendant knowingly and willfully violated Plaintiffs' rights under the NYLL by failing to pay them the minimum wage for hours worked.

87. Due to Defendant's NYLL violations, Plaintiffs are entitled to recover from Defendant their unpaid compensation, liquidated damages, interest and reasonable attorneys' fees, costs, and interest related to the action.

## FOURTH CAUSE OF ACTION
### Unpaid Spread of Hours Pay in Violation of the NYLL
### (All Plaintiffs)

88. Plaintiffs hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 87 with the same force as though separately alleged herein.

89. The NYLL requires an employer to pay an employee one (1) additional hour at the minimum wage for any day during which the employee worked ten (10) or more hours.

90. Plaintiffs worked ten (10) or more hours every day of their employment.

91. Due to Defendant's NYLL violations, Plaintiffs are entitled to recover from Defendant their unpaid compensation, liquidated damages, interest and reasonable attorneys' fees and costs related to the action.

## FIFTH CAUSE OF ACTION
### Unpaid Overtime in Violation of the NYLL
### (All Plaintiffs)

92. Plaintiffs hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 91 with the same force as though separately alleged herein.

93. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the NYLL.

94. The NYLL mandates that employers must compensate employees at one-and-a-half (1.5) times their normal hourly rate for all hours worked over forty (40) hours each week.

95. Defendants willfully and intentionally violated the NYLL's overtime requirement by not paying Plaintiffs at the overtime premium rates for hours worked in excess of forty (40) in a work week.

96. Due to Defendant's NYLL violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest and reasonable attorneys' fees, costs, and interest related to the action.

## SIXTH CAUSE OF ACTION
### Retaliation in Violation of the FLSA
### (Plaintiff Payamps)

97. Plaintiffs hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 96 with the same force as though separately alleged herein.

98. The FLSA prohibits retaliation by an employer against an employee for complaining of discriminatory practices illegal within the FLSA.

99. Plaintiff Payamps properly filed a complaint about Defendant concerning its failure to pay him the minimum wage and its failure to compensate him for hours worked in excess of forty (40) in a work week at the overtime premium rate.

100. Defendant retaliated against Plaintiff Payamps by terminating his employment.

101. As a direct and proximate consequence of Defendant's retaliation, Plaintiff Payamps has suffered, and continue to suffer, substantial economic damages.

102. Due to Defendant's retaliation, Plaintiff Payamps is entitled to recover from Defendants back pay, front pay, liquidated damages, interest and reasonable attorneys' fees and costs related to the action.

## SEVENTH CAUSE OF ACTION
### Retaliation in Violation of the NYLL
### (Plaintiff Payamps)

103. Plaintiffs hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 102 with the same force as though separately alleged herein.

104. The NYLL prohibits retaliation by an employer against an employee for complaining of discriminatory practices illegal within the NYLL.

105. Plaintiff Payamps properly complained to Defendant about its failure to pay him the minimum wage and its failure to compensate him for hours worked in excess of forty (40) in a work week at the overtime premium rate.

106. Defendant retaliated against Plaintiff Payamps by terminating his employment.

107. As a direct and proximate consequence of Defendant's retaliation, Plaintiff Payamps has suffered, and continues to suffer, substantial economic damages.

108. Due to Defendant's retaliation, Plaintiff Payamps is entitled to recover from Defendant back pay, front pay, liquidated damages, interest and reasonable attorneys' fees and costs related to the action.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A. For the first cause of action, actual damages, liquidated damages, attorneys' fees, costs, and pre- and post-judgment interest;

B. For the second cause of action, actual damages, liquidated damages, attorneys' fees, costs, and pre- and post-judgment interest;

C. For the third cause of action, actual damages, liquidated damages, attorneys' fees, costs, and pre- and post-judgment interest;

D. For the fourth cause of action, actual damages, liquidated damages, attorneys' fees, costs, and pre- and post-judgment interest;

E. For the fifth cause of action, actual damages, liquidated damages, attorneys' fees, costs, and pre- and post-judgment interest;

F. For the sixth cause of action, actual damages, liquidated damages, attorneys' fees, costs, and pre- and post-judgment interest;

G. For the seventh cause of action, actual damages, liquidated damages, attorneys' fees, costs, and pre- and post-judgment interest;

H. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 1, 2016

By: /s/ Walker G. Harman, Jr.
Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1379]
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiffs*