**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
RICARDO PAYAMPS *and* JOEL COLLADO,

        *Plaintiffs*,                      **16 CV 4895**

    *v.*

M & M CONVENIENCE DELI & GROCERY
CORP. *d/b/a* M & M DELI AND GROCERY,

        *Defendant.*
-------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

**THE HARMAN FIRM, LLP**
Walker G. Harman, Jr.
Edgar M. Rivera
220 Fifth Avenue, Suite 900
New York, New York 10001
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT .................................................................................... 1

FACTS AND PROCEDURAL HISTORY .................................................................... 1

ARGUMENT.................................................................................................................... 2

    I.   Defendant's Failure to Answer Constitutes a Default under Fed. R. Civ. P. 55 and Permits a Judgment of Default in Favor of Plaintiffs. ............................................. 2

    II.   Plaintiffs Are Entitled to Damages for Wage and Hour Claims................................... 4

        A.   Plaintiffs' descriptions of hours worked are presumptively correct................................ 4

        B.   Plaintiffs are entitled to the difference between their earnings at the NYLL minimum wage rates and what they were actually paid. ........................................................... 5

        C.   Plaintiffs are entitled to the difference between their earnings at the overtime premium rate at the NYLL minimum wage and what they were actually paid....................... 6

        D.   Plaintiffs are owed spread of hours pay.......................................................... 7

        E.   Plaintiffs are owed liquidated damages in the amount of 100 percent of their FLSA and NYLL damages. ................................................................................................. 8

    III.   Plaintiff Payamps Is Entitled to Lost Compensation and Compensatory and Punitive Damages for Defendant's Retaliation.......................................................... 8

    IV.   Plaintiffs Are Entitled to Pre-Judgment Interest........................................................ 11

    V.   Plaintiffs Are Entitled to Attorneys' Fees and Costs. ................................................ 11

CONCLUSION ............................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Akman v. Pep Boys Manny Moe & Jack of Delaware, Inc.*
  No. 11–CV–3252, 2013 WL 4039370 (E.D.N.Y. Aug. 7, 2013) ...............................................11

*Anderson v. Mt. Clemens Pottery Co.*
  328 U.S. 680 (1946) ..................................................................................................................5

*Brock v. Casey Truck Sales, Inc.*
  839 F.2d 872 (2d Cir. 1988) ......................................................................................................9

*Castagna v. Luceno*
  09 Civ. 9332, 2011 WL 1584593 (S.D.N.Y. Apr. 26, 2011), *aff'd*, 744 F.3d 254 (2d Cir. 2014) ..............9

*DeCurtis v. Upward Bound Int'l, Inc.*
  No. 09 Civ. 5378, 2011 U.S. Dist. LEXIS 114001 (S.D.N.Y. Sept. 27, 2011) .........................12

*Doo Nam Yang v. ACBL Corp.*
  427 F. Supp. 2d 327 (S.D.N.Y. 2005) .......................................................................................7

*Grant v. Abbott House*
  No. 14 CV 8703, 2016 WL 796864 (S.D.N.Y. February 22, 2016) ..........................................9

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*
  973 F.2d 155 (2d Cir. 1992) ......................................................................................................3

*Guallpa v. NY Pro Signs Inc.*
  11 Civ. 3133, 2014 U.S. Dist. LEXIS 77033 (S.D.N.Y. May 27, 2014) .................................12

*Gunawan v. Sake Sushi Rest.*
  897 F. Supp. 2d 76 (E.D.N.Y. 2012) .........................................................................................8

*Higueros v. New York State Catholic Health Plan, Inc.*
  526 F. Supp. 2d 342 (E.D.N.Y. 2007) .......................................................................................9

*Konits v. Karahalis*
  409 Fed.Appx. 418 (2d Cir.2011) ............................................................................................11

*Pall Corp. v. 3M Purification Inc.*
  No. 97–CV–7599, 2012 WL 1979297 (E.D.N.Y. June 1, 2012) .............................................11

*Perero v. Food Jungle, Inc.*
  Nos. 05-CV-4347 (JG), 05-CV-5169 (JG), 05-CV-5170 (JG), 2006 U.S. Dist. LEXIS 73409 (E.D.N.Y. Aug. 7, 2006) ..................................................................................................................................5

*Perez v. Jasper Trading Inc.*
  No. 05 CV 1725, 2007 WL 4441062 (E.D.N.Y. 2007) .......................................................9, 10

*Reilly v. NatWest Mkts. Grp. Inc.*
  181 F.3d 253 (2d Cir. 1999), cert. denied, 528 U.S. 1119 (1997) ...........................................11

*Simmons v. N.Y.C. Transit Auth.*
  575 F.3d 170 (2d Cir. 2009) ....................................................................................................11

Smith v. Wade
  461 U.S. 30 (1983) ..................................................................................................................10

*Solis v. SCA Rest. Corp.*
  938 F. Supp. 2d 380 (E.D.N.Y. 2013) .....................................................................................10

*Styka v. My Merchs. Servs. LLC*
  No. 14 Civ. 6198, 2016 U.S. Dist. LEXIS 34238, (E.D.N.Y. Mar. 15, 2016) .........................10

*Tho Dinh Tran v. Alphonse Hotel Corp.*
  281 F.3d 23 __, 31 (2d Cir. 2002) .............................................................................................5

*Twentieth Century Fox Film Corp. v. Robinson*
  No. 05-CV-4709 (DLI)(RER), 2007 U.S. Dist. LEXIS 1571 (E.D.N.Y. Jan. 9, 2007) .............3

*Yu G. Ke v. Saigon Grill, Inc.*
  595 F. Supp. 2d 240 (S.D.N.Y. 2008) .......................................................................................8

*Yu Y. Ho v. Sim Enterprises, Inc.*
  No. 11 CIV. 28655 PKC, 2014 WL 1998237 (S.D.N.Y. May 14, 2014) ..................................8

*Zeng Liu v. Jen Chu Fashion Corp.*
  2004 U.S. Dist. LEXIS 35 (S.D.N.Y. Jan. 7, 2004) ..................................................................5

**Statutes**
29 U.S.C. § 203 ..........................................................................................................................3
29 U.S.C. § 206 .......................................................................................................................3, 4
29 U.S.C. § 207 .......................................................................................................................3, 5
29 U.S.C. § 211 ..........................................................................................................................7
29 U.S.C. § 216 ..........................................................................................................................9
29 U.S.C. § 218 ...................................................................................................................3, 4, 8
29 U.S.C. § 255 ..........................................................................................................................4
N.Y. Lab. Law § 190 ..................................................................................................................4
N.Y. Lab. Law § 198 ...............................................................................................................4, 7
N.Y. Lab. Law § 215 ...............................................................................................................8, 9
N.Y. Lab. Law § 652 ..................................................................................................................4
N.Y. Lab. Law § 663 ...............................................................................................................4, 7

**Rules**
Fed. R. Civ. P. 55 ...................................................................................................................2, 3
N.Y. C.P.L.R. § 5001 ................................................................................................................10

**Regulations**
12 N.Y.C.R.R. § 142 ..................................................................................................................6

**PRELIMINARY STATEMENT**

Plaintiffs Ricardo Payamps ("Mr. Payamps" or "Plaintiff Payamps") and Joel Collado ("Mr. Collado" or "Plaintiff Collado") (collectively, "Plaintiffs") respectfully request that this Court enter default judgment against Defendant M & M Convenience Deli & Grocery Corp. d/b/a M & M Deli and Grocery ("M & M" or "Defendant"), pursuant to Rule 55 of the Federal Rules of Civil Procedure and Rules 55.1 and 55.2 of the Local Rules of the United States for the Eastern District of New York.

Plaintiffs brought this action against Defendant under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") to be compensated for Defendant's failure to pay them the minimum wage, overtime, and spread of hours pay. Plaintiff Payamps additionally brings retaliation claims against Defendant under these statutes.

Defendant failed to timely answer or otherwise move with respect to Plaintiffs' complaint by 21 days after the service of the summons and Complaint. Pursuant to the entry of default by the Clerk of the Court against Defendant on November 4, 2016, and the Court's Order dated November 7, 2016, Plaintiffs respectfully request an entry of default judgment in an amount no less than **$255,410.17** against Defendant.

**FACTS AND PROCEDURAL HISTORY**

The following facts are from the Declaration of Walker G. Harman, Jr. ("Harman Decl."), Declaration of Edgar M. Rivera ("Rivera Decl."), Declaration of Ricardo Payamps ("Payamps Decl."), and Declaration of Joel Collado ("Collado Decl."), and attached exhibits.

Plaintiffs were both employed as clerks at a bodega owned and operated by M & M, located at 1066 Rutland Rd., Brooklyn, New York 11212 (the "Store"). Payamps worked at the Store from November 2014 until December 2015, and Collado worked at the Store from June

1

2015 until December 2015.  (Payamps Decl. ¶¶ 4, 19; Collado Decl. ¶¶ 4, 16.)  Throughout Plaintiffs' employments at the Store, M & M willfully failed to pay Plaintiffs the minimum wage, overtime premiums, and spread of hours pay.  (Payamps Decl. ¶ 5; Collado Decl. ¶ 5.)  M & M also retaliated against Payamps by terminating his employment when he complained of M & M's wage violations and sought to be properly compensated for his work.  (Payamps Decl. ¶¶ 17–19.)

Plaintiffs commenced this action on September 1, 2016.  (Docket Entry 1.)  Plaintiffs then executed proper service of the Summons and Complaint upon Defendant on October 3, 2016.  (Ex. A, Affidavit of Service, Harman Decl.)  Defendant's deadline to answer or otherwise move was October 24, 2016, but Defendant failed to contact Plaintiffs' attorneys or file any such answer or motion by this date.  Defendant has been in default since November 4, 2016.  (Docket Entry 9.)

Plaintiffs filed a Request for Certificate of Default on October 25, 2016.  (Docket Entry 8.)  The Clerk of Court entered a notation of default against Defendant on November 4, 2016, and on November 7, 2016, this Court ordered Plaintiffs to move for default judgment on or before December 7, 2016.  (Docket Entry 9.)  To date, Defendant has not appeared in this action.

## ARGUMENT

Based on the foregoing, this Court should grant Plaintiffs a default judgment award of **$255,410.17** for unpaid minimum wage, overtime, spread of hours pay, liquidated damages, interest, punitive damages, attorneys' fees and costs.

### I. Defendant's Failure to Answer Constitutes a Default under Fed. R. Civ. P. 55 and Permits a Judgment of Default in Favor of Plaintiffs.

Federal Rule of Civil Procedure 55(a) establishes that a defendant's default status must be entered when that defendant has "failed to plead or otherwise defend" against plaintiff's lawsuit

for affirmative relief. FED. R. CIV. P. 55(a). Plaintiffs executed proper service of the Summons and Complaint upon Defendant on October 3, 2016. (Ex. A, Harman Decl.) Defendant failed to answer Plaintiffs' complaint by the original deadline of October 24, 2016. This default was entered on November 4, 2016, by the Clerk of Court pursuant to Fed. R. Civ. P. 55(a). (Ex. B, Certificate of Default, Harman Decl.)

Upon successfully requesting the Clerk to enter a party's default, plaintiffs may move under Fed. R. Civ. P. 55(b)(2) for an entry of default judgment. Because Defendant has failed to challenge Plaintiffs' assertions in the complaint, a motion for default judgment rests on the determination that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Consequently, Defendant has conceded liability for all of Plaintiffs' claims by failing to answer the complaint.

To rule on a motion for default judgment, the Court must have the information necessary to evaluate the plaintiff's legal harms; the Court may then award damages for those harms. FED. R. CIV. P. 55(b)(2). Defaults by defendants are "not considered an admission of damages." *Greyhound Exhibitgroup*, 973 F.2d at 158. Instead, the default judgment process is an opportunity for Plaintiff to provide evidence that establishes the proper valuation of damages. *Id*. "A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Twentieth Century Fox Film Corp. v. Robinson*, No. 05-CV-4709 (DLI)(RER), 2007 U.S. Dist. LEXIS 1571, at *2 (E.D.N.Y. Jan. 9, 2007) (citing Fed. R. Civ. P. 55(b)(2)).

Hence, the Court should grant Plaintiffs' motion for default judgment, as Plaintiffs have submitted detailed declarations and supporting documentation as to their damages.

**II.     Plaintiffs Are Entitled to Damages for Wage and Hour Claims.**

Plaintiffs are entitled to compensation for Defendant's failure to pay them the minimum wage and overtime premiums.  29 U.S.C. §§ 206–207, 218(a) (FLSA); N.Y. Lab. Law §§ 190 *et seq*. and §§ 650 *et seq* (NYLL).  As alleged in the Complaint, Plaintiffs were Defendant's employees within the meaning of the FLSA and the NYLL throughout their employments with Defendant.  Compl. ¶¶ 68, 76, 81, 93; *see* 29 U.S.C. § 203(e)(1); 29 U.S.C. § 203(d).

Plaintiffs are entitled to minimum wage and overtime compensation under the FLSA and NYLL for the entirety of their employments by Defendant.  Plaintiffs properly commenced this action within two and six years respectively after their causes of action accrued and are therefore covered by the FLSA and NYLL.  29 U.S.C. § 255(a) (FLSA); N.Y. Lab. Law §§ 198(3), 663(3) (NYLL).

As shown below, Plaintiff's total damages for Defendant's minimum wage, overtime, and spread of hours violations, as well as liquidated damages (excluding liquidated damages attributable to Payamps's retaliation claim), total **$97,222.02**.

**A.  *Plaintiffs' descriptions of hours worked are presumptively correct.***

Preliminarily, because Defendant has failed to answer, Plaintiffs' statements regarding their pay rates and work schedules are deemed to be admitted.  While employers are required under the FLSA to maintain records of employees' wages and hours worked, employees face no similar requirement.  29 U.S.C. § 211(c).  When "no records have been produced as a consequence of defendants' default, courts have held that the 'employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work

as a matter of just and reasonable inference.'" *Perero v. Food Jungle, Inc.*, Nos. 05-CV-4347 (JG), 05-CV-5169 (JG), 05-CV-5170 (JG), 2006 U.S. Dist. LEXIS 73409, at *19 (E.D.N.Y. Aug. 7, 2006) (citing *Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 31 (2d Cir. 2002) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S. Ct. 1187 (1946))). Accordingly, "[i]n a FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct." *Zeng Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. LEXIS 35 at *8 (S.D.N.Y. Jan. 7, 2004) (citing *Anderson*, 328 U.S. at 687-88 (1946)).

### B. *Plaintiffs are entitled to the difference between their earnings at the NYLL minimum wage rates and what they were actually paid.*

The FLSA and NYLL mandate that employers compensate their employees at an hourly rate no lower than the minimum wage. 29 U.S.C. § 206 (FLSA); N.Y. Lab. Law § 652(1) (NYLL). At all relevant times, the federal minimum wage was $7.25 an hour. 29 U.S.C. § 206(a)(1). In New York State, the minimum wage during Plaintiffs' employments was $8.00 per hour from December 31, 2013, to December 30, 2014, and $8.75 per hour from December 31, 2014, to December 30, 2015. N.Y. Lab. Law § 652(1).

Payamps worked at the Store from November 2014 until December 2015, and Collado worked at the Store from June 2015 until December 2015. (Payamps Decl. ¶¶ 4, 19; Collado Decl. ¶¶ 4, 16.) Defendant paid both plaintiffs at an hourly rate of $7.00 throughout their employments. (Payamps Decl. ¶ 6; Collado Decl. ¶ 6.) Accordingly, Plaintiffs' compensation of $7.00 per hour fell below the federal minimum wage and the New York State minimum wage throughout their employments at M & M. 29 U.S.C. § 206(a)(1); N.Y. Lab. Law § 652.

From approximately November 1, 2014, through approximately November 14, 2014, Payamps worked 12 hours per day, 7 days per week, totaling an 84-hour work week; from

5

approximately November 15, 2014, through May 31, 2015, he worked 15 hours per day, 7 days per week, totaling a 105-hour work week; from approximately June 1, 2015, through December 15, 2015, he worked 12 hours per day, 7 days per week, totaling an 84-hour work week. (Payamps Decl. ¶¶ 9–11.) Payamps did not have a day off during his entire employment with M & M. (Payamps Decl. ¶ 12.) Payamps' schedule, therefore, reflects 5,487 hours of work for which he was not compensated the full minimum wage. (Ex. F, Damages Analysis, Harman Decl.)

From approximately June 1, 2015, through July 31, 2015, Collado worked 15 hours per day, 7 days per week, totaling a 105-hour work week; from approximately August 1, 2015, through December 15, 2015, he worked 12 hours per day, 7 days per week, totaling an 84-hour work week. (Collado Decl. ¶¶ 9–10.) Collado did not have a day off during his entire employment with M & M. (Collado Decl. ¶ 11.) Collado's schedule, therefore, reflects 2,532 hours of work for which he was not compensated the full minimum wage. (Ex. F, Damages Analysis, Harman Decl.)

Because Defendant failed to pay Plaintiffs the minimum wage, Plaintiff Payamps is entitled to **$3,860.00** for 5,487 hours of underpaid work, and Plaintiff Collado is entitled to **$2,030.00** for 2,532 hours of underpaid work. (Ex. F, Damages Analysis, Harman Decl.)

C. *Plaintiffs are entitled to the difference between their earnings at the overtime premium rate at the NYLL minimum wage and what they were actually paid.*

The FLSA further requires employers to compensate their employees at the overtime premium rate for hours worked in excess of forty in a work week. 29 U.S.C. § 207. For employees also claiming minimum wage relief, the overtime premium constitutes an additional 50 percent of the minimum wage. *Id*. Plaintiffs worked overtime hours in every week of their

employments with Defendant, yet they never received overtime compensation for these wages. (Payamps Decl. ¶¶ 15–16; Collado Decl. ¶¶ 14–15.)

Payamps worked 44 hours of overtime per week from approximately November 1, 2014, through approximately November 14, 2014; 65 hours of overtime per week from approximately November 15, 2014, through May 31, 2015; and 44 hours of overtime per week from from approximately June 1, 2015, through December 15, 2015. (Payamps Decl. ¶¶ 9–12.) Accordingly, Payamps is entitled to **$19,019.75** in overtime compensation. (Ex. F, Damages Analysis, Harman Decl.)

Plaintiff Collado worked 65 hours of overtime per week from approximately June 1, 2015, through July 31, 2015, and 44 hours of overtime per week from approximately August 1, 2015, through December 15, 2015. (Collado Decl. ¶¶ 9–11.) Accordingly, Plaintiff Collado is entitled to **$8,973.13** in overtime compensation. (Exhibit F, Damages Analysis, Harman Decl.).

**D.** *Plaintiffs are owed spread of hours pay.*

Under the NYLL, Plaintiffs are entitled to an additional hour's pay at the minimum wage for every day that they worked a shift of at least 10 hours. *See* 12 N.Y.C.R.R. § 142-2.4; *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327 at *339-40 (S.D.N.Y. 2005). Throughout Plaintiffs' employments at M & M, they worked shifts in excess of ten (10) hours on each day of their employment, but Defendant never compensated them with an additional hour's pay at the minimum wage, as required by law. (Payamps Decl. ¶ 6; Collado Decl. ¶ 6.) Plaintiff Payamps is entitled to **$3,525.00** in spread of hours pay, and Plaintiff Collado is entitled to **$1,715.00** in spread of hours pay. (Ex. F, Damages Analysis, Harman Decl.)

7

### E. *Plaintiffs are owed liquidated damages in the amount of 100 percent of their FLSA and NYLL damages.*[1]

Under the FLSA, Plaintiffs are entitled to 100 percent liquidated damages for minimum wage and overtime violations. 29 U.S.C. § 216(b). As alleged in the Complaint, Defendant's violation of the FLSA was willful, and therefore Plaintiffs are entitled to liquidated damages under the FLSA. (Compl. ¶¶ 73, 78.) Plaintiffs are also entitled to 100 percent liquidated damages for their minimum wage, overtime, and spread of hours pay claims under the NYLL. N.Y. Lab. Law §§ 198(1-a), 663. Plaintiffs are entitled to a combined **$18,976.00** in FLSA liquidated damages for Defendant's minimum wage and overtime violations and a combined **$39,122.88** in NYLL liquidated damages for Defendant's minimum wage, overtime, and spread of hours violations. (Ex. F, Damages Analysis, Harman Decl.)

### III. Plaintiff Payamps Is Entitled to Lost Compensation and Compensatory and Punitive Damages for Defendant's Retaliation.

The FLSA and NYLL prohibit employers from discharging, penalizing, or otherwise discriminating against an employee because such employee has complained to the employer of practices illegal under the FLSA and NYLL. 29 U.S.C. § 218c(a); N.Y. Lab. Law § 215.

To establish a retaliation claim under the NYLL, a plaintiff employee must show a sufficient nexus between his complaint and his employer's retaliatory conduct, but need not show that his complaint referenced the particular statutory provision that the employer was

---

[1] A majority of courts in the Second Circuit have held that plaintiffs may recover under both FLSA and NYLL, because the liquidated damages provisions serve fundamentally different purposes. *See, e.g., Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 90 (E.D.N.Y. 2012); *Yu G. Ke v. Saigon Grill, Inc.,* 595 F. Supp. 2d 240, 261–62 (S.D.N.Y. 2008). These courts have recognized that liquidated damages under FLSA are the functional equivalent of prejudgment interest (which cannot be sought under the FLSA); they are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA. *Yu Y. Ho v. Sim Enterprises, Inc.*, No. 11 CIV. 28655 PKC, 2014 WL 1998237, at *18 (S.D.N.Y. May 14, 2014). Liquidated damages under New York Labor Law, by contrast, are punitive in nature; they constitute a penalty to deter an employer's willful withholding of wages due. *Id*. Once an employer's willfulness has been established, the language of both FLSA and the NYLL require that a plaintiff be awarded liquidated damages. *Id.*

violating at the time. *Higueros v. New York State Catholic Health Plan, Inc.*, 526 F. Supp. 2d 342, 347 (E.D.N.Y. 2007). An informal complaint to an employer that the employer is violating a provision of the Labor Law suffices. *See, e.g.*, *Grant v. Abbott House*, No. 14 CV 8703, 2016 WL 796864 at *9 (S.D.N.Y. February 22, 2016); *Castagna v. Luceno*, 09 Civ. 9332, 2011 WL 1584593 at *12 (S.D.N.Y. Apr. 26, 2011), *aff'd*, 744 F.3d 254 & 558 Fed.Appx. 19 (2d Cir. 2014).

Defendant illegally failed to pay Plaintiff Payamps the minimum wage, overtime premiums, and spread of hours pay from November 2014 until December 2015. (Payamps Decl. ¶ 5.) When Mr. Payamps confronted Defendant about Defendant's minimum wage violations, Defendant engaged in retaliatory conduct in violation of the FLSA and NYLL by threatening Mr. Payamps' employment at M & M if he continued to object to Defendant's wage violations: "If you don't want to work, you can quit." (Payamps Decl. ¶ 17.) When Mr. Payamps complained again that he was not being paid the minimum wage, Defendant terminated his employment. (Payamps Decl. ¶ 19.)

Under the NYLL, a plaintiff is entitled to payment for lost compensation as a result of an employer's retaliatory conduct, as well as liquidated and punitive damages. N.Y. Lab. Law § 215(2); *Perez v. Jasper Trading Inc.*, No. 05 CV 1725, 2007 WL 4441062 at *7 (E.D.N.Y. 2007).

Lost compensation is measured by the total earnings to which an employee would have been entitled had they not been unlawfully retaliated against, offset by any other earnings up until the time of trial. *See Brock v. Casey Truck Sales, Inc.*, 839 F.2d 872, 879-80 (2d Cir. 1988). As a result of Defendant's unlawful retaliation, Payamps lost compensation in the form of wages. His earnings since his termination in December 2015 mitigate some—but far from all—of this

loss. (Payamps Decl. ¶¶ 20–21.)

The FLSA allows plaintiffs to be awarded "such legal or equitable relief as may be appropriate to effectuate the purposes" of the anti-retaliation provisions. 29 U.S.C. § 216(b). Courts have held that punitive damages are an appropriate remedy under Section 216(b). *Solis v. SCA Rest. Corp.*, 938 F. Supp. 2d 380, 403–04 (E.D.N.Y. 2013). Punitive damages are awarded "to punish the defendant for his outrageous conduct and to deter him and others like him from similar conduct in the future." *Smith v. Wade,* 461 U.S. 30, 54, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). As Plaintiff does not know the amount necessary "to deter future behavior while being not so high as to result in the financial ruin" of Defendant, Plaintiff cannot accurately determine the appropriate amount of punitive damages at this time. *Styka v. My Merchs. Servs. LLC*, No. 14 Civ. 6198, 2016 U.S. Dist. LEXIS 34238, at *24 (E.D.N.Y. Mar. 15, 2016). However, the factual basis of Payamps' retaliation claim is similar to the facts in *Perez*. In *Perez*, plaintiff Juliana Rivera was a garment worker who, like Payamps, worked very long hours for which she was not adequately compensated. When Rivera demanded full compensation from her employer, he threatened to inform immigration authorities of where she lived, essentially threatening to end her employment. *Perez* at *8-9. This retaliatory threat is analogous to the one made by Defendant. Both threats required that plaintiffs relinquish their demands for withheld wages in order to avoid adverse employment actions. (Payamps Decl. ¶ 17.) The court awarded Plaintiff Rivera $5,000 in punitive damages for Defendant's violation of the NYLL. *Perez* at *1.

Payamps is entitled to **$47,302.50** in lost compensation. (Ex. F, Damages Analysis, Harman Decl.) Payamps is entitled to an additional award of punitive damages as a result of Defendant's retaliatory actions of at least **$5,000**. (Ex. F, Damages Analysis, Harman Decl.) Payamps is owed an addition **$47,302.50** in liquidated damages arising out of his retaliation

claim at the NYLL minimum wage and overtime premium rates. (Ex. F, Damages Analysis, Harman Decl.) Paymaps is owed an addition **$39,193.50** in liquidated damages arising out of his retaliation claim the FLSA minimum wage and overtime premium rates. (Ex. F, Damages Analysis, Harman Decl.)

IV. **Plaintiffs Are Entitled to Pre-Judgment Interest.**

Plaintiffs are entitled to pre-judgment interest on their NYLL claims. N.Y. Lab. Law §198 (1-a). The Second Circuit has held that, even where a plaintiff is awarded liquidated damages under the NYLL, pre-judgment interest still is appropriate. *Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119 (1997)). Thus far, Plaintiffs are owed approximately **$7,176.65** in pre-judgment interest. (Ex. F, Damages Analysis, Harman Decl.)

V. **Plaintiffs Are Entitled to Attorneys' Fees and Costs.**

In this Circuit, when calculating reasonable attorneys' fees, courts must presumptively apply the "forum rule," which provides that "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Simmons v. N.Y.C. Transit Auth.,* 575 F.3d 170, 174–75 (2d Cir. 2009) (citation and internal quotation marks omitted). "Recent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates." *Akman v. Pep Boys Manny Moe & Jack of Delaware, Inc.,* No. 11–CV–3252, 2013 WL 4039370, at *2 (E.D.N.Y. Aug. 7, 2013) (quoting *Pall Corp. v. 3M Purification Inc.,* No. 97–CV–7599, 2012 WL 1979297, at *4 (E.D.N.Y. June 1, 2012) (collecting cases)); *see also Konits v. Karahalis,* 409 Fed.Appx. 418, 422 (2d Cir.2011) (affirming district court award

11

of attorneys' fees where lower court noted that "courts have found that the prevailing rates for experienced attorneys in Eastern District of New York cases range from approximately $300–400 per hour" (alteration omitted)).

Here, Plaintiffs' attorneys' fees are $11,754. (Ex. F, Attorneys' Fees, Harman Decl.) The rates listed in Plaintiff's counsel's accounting of fees—$450 for a partner, $250 for an associate, and $175 for a paralegal—are reasonable given the experience of the attorneys' working on the case. The Harman Firm, LLP (the "Firm") and the attorneys working on this case have significant experience litigating cases under the FLSA. Walker G. Harman, Jr. formed the Firm in 2003, after several years as an associate with a large international law firm. The Firm specializes in employment litigation and has litigated dozens of cases under the FLSA. Mr. Harman, the lead attorney on this case, billed at the rate of $450.00 per hour. Edgar M. Rivera, the associate attorney on this case, billed at the rate of $250.00 per hour. Lev Craig, the paralegal on this case, billed at the rate of $175.00. The above-listed rates are consistent with rates approved by this Court in similar actions. *See Guallpa v. NY Pro Signs Inc.*, 11 Civ. 3133, 2014 U.S. Dist. LEXIS 77033, at *27-29 (S.D.N.Y. May 27, 2014); *DeCurtis v. Upward Bound Int'l, Inc.*, No. 09 Civ. 5378, 2011 U.S. Dist. LEXIS 114001, at *23-25 (S.D.N.Y. Sept. 27, 2011).

Plaintiffs are also owed costs: filing fee ($400) and service of process ($59). In total, Plaintiffs are owed **$12,213** in attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the entry of a default judgment against Defendant in the amount of **$255,410.17.**

Dated: New York, New York
December 7, 2016

By:   s/ Walker G. Harman, Jr.
Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
The Harman Firm, LLP
220 Fifth Ave., Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiffs*